2:11-cv-13436-SFC-MKM   Doc # 30   Filed 10/15/12   Pg 1 of 5   Pg ID 999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tonya Knight-Bonner,

                **Plaintiff,**                        **Civil Action No. 11-13436**

      **vs.**                            **District Judge Sean F. Cox**

**BAC,**                           **Magistrate Judge Mona K. Majzoub**

                **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

I.    **RECOMMENDATION:** Plaintiff's motion for summary judgment (docket no. 13) should

be **DENIED**.

II.    **REPORT:**

This matter comes before the Court on the motion for summary judgment filed by Plaintiff

on April 6, 2012.  (Docket no. 13).  Defendant filed a response.  (Docket no. 16).  Plaintiff filed a

reply.  (Docket no. 21).  The motion has been referred to the undersigned for recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket no. 18).  The Court dispenses with oral argument on

the motion pursuant to E.D. Mich. LR 7.1(f).  This matter is now ready for ruling.

A.    **Factual Background and Claims**

On August 8, 2011 Plaintiff Tonya Knight-Bonner filed a four count complaint against

Defendants Bank of America and Prime Financial, alleging breach of contract, violations of the Real

Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., (RESPA) against Bank of America,

fraudulent misrepresentations, and negligent misrepresentation.  (Docket no. 1).  On August 24,

2011 the Court dismissed the breach of contract, fraudulent misrepresentations, and negligent

misrepresentation claims and terminated Prime Financial, leaving only the RESPA claim against Bank of America. (Docket no. 2). Plaintiff alleges that Defendant Bank of America, as the servicer to her mortgage loan, changed her loan account number, reported Plaintiff's account as delinquent to credit bureaus, and initiated foreclosure proceedings, then failed to properly respond to qualified written requests (QWR) Plaintiff sent to Defendant pursuant to RESPA.

On April 6, 2012 Plaintiff filed a motion for summary judgment. (Docket no. 13). Plaintiff in her motion contends that Defendant failed to timely serve responses to her requests for admission, resulting in the automatic admission of the matters requested, and that because the requests are deemed admitted Plaintiff is entitled to summary judgment. Defendant opposes the motion, claiming that it served timely responses and objections to the requests for admission on March 29, 2012 via U.S. Mail.

**B.      Standard of Review**

Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

**C.      Analysis**

Plaintiff shows that she served her First Request for Admission upon Defendant via certified mail on February 25, 2012, seeking responses to twenty-two requests. (Docket no. 13, ex. A, B).

She claims that Defendant failed to respond but instead filed late objections to the requests. Plaintiff contends that the requests for admission are deemed admitted due to Defendant's failure to timely respond, and that she is now entitled to summary judgment based on those admissions.

Federal Rule of Civil Procedure 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Under Federal Rule of Civil Procedure 6(d), the thirty day time period allotted under Rule 36(a)(3) is extended by three days because Plaintiff served Defendant with her discovery requests by mail.

Defendant's responses and objections to Plaintiff's First Request for Admission were due on or before March 29, 2012. Defendant shows that it served its responses and objections to Plaintiff on that date. Accordingly, Defendant's responses and objections were timely and Plaintiff's requests for admission are not deemed admitted under Rule 36(a)(3).

In her reply brief Plaintiff argues that Defendant's objections were not justified and that for all practical purposes Defendant failed to respond to the requests. Federal Rule of Civil Procedure 36(a)(5) requires the responding party to state the grounds for objecting to a request. If the party who has requested the admission is dissatisfied with an answer or objection, they may file a motion with the court challenging the sufficiency of the answer or objection. If the court agrees that an objection is insufficient, "it must order that an answer be served." Fed. R. Civ. P. 36(a)(6).

Plaintiff did not file a motion to determine the sufficiency of Defendant's objections. Moreover, Defendant did not simply assert objections to the requests. Instead, after Defendant documented its objections to each of Plaintiff's requests, it answered the specific request made.

(Docket no. 16, ex. 1).  Plaintiff has not shown that she is entitled to summary judgment.  The Court

should deny Plaintiff's motion.

**III.     Notice to Parties Regarding Objections**

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of

Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.

Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later

than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to

Objection #2," etc.

Dated: October 15, 2012                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE
                              **PROOF OF SERVICE**

4

I hereby certify that a copy of this Report and Recommendation was served upon Tonya Knight-Bonner and Counsel of Record on this date.


Dated: October 15, 2012                s/ Lisa C. Bartlett_____
                                       Case Manager