UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tonya Knight-Bonner,

    Plaintiff,

v.                                             Case No. 11-13436
                                                          Honorable Sean F. Cox

Prime Financial and BAC,

    Defendants.
_____/

**ORDER
ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brought this action asserting federal and state-law claims against two Defendants, Bank of America, N.A. ("Bank of America") and Prime Financial. Thereafter, this Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed those claims without prejudice, leaving only Plaintiff's Count II – "RESPA Violation Against Bank of America" remaining in this action. The remaining parties later filed cross-motions for summary judgment, that were referred to Magistrate Judge Mona K. Majzoub for issuance of reports and recommendations, pursuant to 28 U.S.C. § 636(b)(1).

On October 15, 2012, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") wherein she recommends that the Court deny Plaintiff's Motion for Summary Judgment. (Docket Entry No. 30). On October 19, 2012, Magistrate Judge Majzoub issued another R&R wherein she recommends that the Court grant Defendant's Motion for Summary

1

Judgment. (Docket Entry No. 32). Plaintiff has filed objections to both of these R&Rs.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.

Having considered Plaintiff's objections to both of the R&Rs, the Court finds the objections to be without merit. The Court shall therefore adopt both R&Rs, deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment.

**A.     The October 15, 2012 R&R**

Magistrate Judge Majzoub's October 15, 2012 R&R recommends that the Court deny Plaintiff's Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment sought summary judgment in Plaintiff's favor based on the assertion that Defendant was required to serve responses to Plaintiff's requests for admission by March 28, 2012, that it failed to do so, that the requests should therefore be deemed admitted, and that they entitle Plaintiff to summary judgment.

Magistrate Judge Majzoub recommended that the Court deny that motion because under the applicable rules Defendant's responses were not due until March 29, 2012, and Defendant established that it, in fact, timely served its responses on March 29, 2012. She also rejected an argument raised in Plaintiff's Reply Brief, that Defendant's responses were not justified and that for all practical purposes Defendant failed to respond to the requests. She rejected that argument because: 1) Plaintiff never filed a motion seeking to determine the sufficiency of Defendant's objections; and 2) most significantly, Defendant responded to each of the requests after stating

2

its objections to same. (R&R at 3).

In objecting to the October 15, 2012 R&R, Plaintiff raises four objections. In her first two objections, Plaintiff continues to assert that Defendant's responses to her requests for admission were untimely. The Court agrees with the magistrate judge that, for the reasons explained in the R&R, Defendant's responses were timely served. (*See* 10/15/12 R&R at 2-3).

In stating her third objection, Plaintiff claims that Defendant also failed to timely respond to her request for production of documents. Plaintiff then asserts that she "seeks a determination as to whether or not a late response to production requests is grounds for seeking summary judgment." (Pl.'s Objs. at 3). That is not a proper objection to the October 15, 2012 R&R, however, because that issue was not raised in either Plaintiff's motion nor the R&R addressing it. Moreover, assuming *arguendo* that Defendant did serve late responses to Plaintiff's request for production of documents, that would not entitle Plaintiff to entry of summary judgment in her favor.

In stating her fourth objection, Plaintiff continues to argue that summary judgment should be entered in her favor because Defendant merely served objections within the time permitted for doing so, rather than responses to her requests. The Court concludes that this argument is without merit, for the reasons explained in the R&R:

> Plaintiff did not file a motion to determine the sufficiency of Defendant's objections. Moreover, Defendant did not simply assert objections to the requests. Instead, after Defendant documented it objections to each of Plaintiff's requests, it answered the specific request made.

(10/15/12 R&R at 3).

Accordingly, the Court concludes that Plaintiff's objections to the October 15, 2012 R&R are without merit and shall ADOPT AND ACCEPT the October 15, 2012 R&R. Thus, the Court

shall DENY Plaintiff's Motion for Summary Judgment.

**B.     The October 19, 2012 R&R**

Magistrate Judge Majzoub's October 19, 2012 R&R recommends that the Court grant summary judgment in favor of Defendant as to Count II of Plaintiff's Complaint, the only remaining claim in this action.  In doing so, she concluded that Plaintiff's letters to Defendant do not constitute qualified written requests ("QWRs") as defined by RESPA because the vast majority of those very lengthy requests do not relate to the servicing of Plaintiff's loan as defined under 12 U.S.C. § 2605(i)(3).  She also concluded that they do not constitute QWRs because they do not identify any reason for Plaintiff's belief that the servicing of her account was in error, as required under § 2605(e)(1)(B).  Citing a decision from a district court within the Sixth Circuit, she noted that "RESPA 'does not require a servicer to answer endless interrogatories by a borrower.'  *Golliday v. Chase Home Fin., LLC*, No. 10-532, 2011 WL 4352554, at *10 (W.D. Mich. Aug. 23, 2011)."  (10/19/12 R&R at 7).  She further concluded that even if they could be construed as QWRs, Defendant timely and appropriately responded to them.

As her first objection, Plaintiff disputes the Magistrate Judge's conclusion that her letters to Defendant do not constitute QWRs under the statute, arguing that there is no limit to the grounds upon which consumers can request information.  However, the Magistrate Judge also concluded that *even if they were construed as proper QWRs* Defendant responded timely and appropriately.

Second, Plaintiff objects to the Magistrate Judge's determination that "Plaintiff has not shown that Defendant was under an obligation to notify Plaintiff of a transfer between lender Prime Financial and CRE-HFS 1st Mortgage, which Defendant claims is a BANA-owned asset,

or similarly that they were under any obligation to notify Plaintiff of any merger between BANA and BAC Home Loans LP, which according to the record is a subsidiary of BANA." (10/19/12 R&R at 6-7). In objecting to that determination, Plaintiff appears to assert that Defendant, or others, had a contractual obligation to notify of her of a transfer or merger and breached that contractual obligation. Plaintiff's objections then discusses how she believes the contract should be construed. But this Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed her breach of contract claim without prejudice in its August 24, 2012 Order. (Docket Entry No. 2).

In stating her third objection, Plaintiff notes that Magistrate Judge Majzoub concluded that Plaintiff failed to produce evidence to show that Defendant reported the delinquency of her account to credit bureaus during the QWR process. Plaintiff then seeks to submit new evidence that Plaintiff believes "suggests" that Defendant failed to halt negative reporting. Her objections note that she has had one of the exhibits she references since August 1, 2011. Plaintiff does not explain why she did not present such evidence during the briefing of the parties' cross-motions for summary judgment.

The magistrate judge ruled based upon the evidence submitted by the parties during the cross-motions for summary judgment – which were fully briefed by both parties. Thus, the magistrate judge never had the opportunity to consider the evidence referenced in Plaintiff's objections.

After a magistrate judge has issued an R&R, the applicable rules allow for the filing of objections and a response to those objections. FED. R. CIV. P. 72 (b)(2). They do not authorize the parties to file additional briefs without leave of court. Nevertheless, without requesting or

5

being granted leave to do so, Plaintiff filed a "Sur-reply in Opposition" to Defendant's response to her objections. (Docket Entry No. 36), Plaintiff asserts that this Court has the discretion to consider evidence not proffered to the magistrate judge and directs the Court to a decision from the Eastern District of Michigan to support her position.

Assuming that this Court has the discretion to consider new evidence not presented to the magistrate judge, the Court chooses not to exercise such discretion in this case. Both parties had ample opportunity to present their positions and submit evidence in support of their positions during the briefing of the cross-motions for summary judgment. Plaintiff's objections reference two exhibits, but Plaintiff only filed one of them. Moreover, it appears that Plaintiff has had these documents in her possession since August of 2011 – she but provides no explanation as to why she failed to submit the exhibits during the briefing on the parties' cross motions or produce them during discovery. Plaintiff has also failed to adequately explain what the exhibit she seeks to submit shows or how it supports her position.

## ORDER

For the reasons set forth above IT IS ORDERED that the Court ACCEPTS AND ADOPTS the October 15, 2012 R&R. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that the Court ACCEPTS AND ADOPTS the October 19, 2012 R&R. IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED and that Count II of Plaintiff's Complaint, the only remaining claim in this action,

shall be DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.


Dated: January 7, 2013            <u>S/ Sean F. Cox        </u>
                                                Sean F. Cox
                                                U. S. District Court Judge


I hereby certify that on January 7, 2013, the foregoing document was served upon counsel of record by electronic means and upon Tonya Knight-Bonner by First Class Mail at the address below:

Tonya Knight-Bonner
23407 Plum Hollow Drive
Southfield, MI 48033

Dated: January 7, 2013            <u>S/ J. McCoy       </u>
                                                Case Manager